1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GILBERT DEMETRIUS AGUILAR; #56067,    )   Case No.  2:10-cv-01349-APG-NJK
                                                            )
                                   Plaintiff,               )
                                                            )
v.                                                          )   **ORDER GRANTING DEFENDANTS'**
                                                            )   **MOTION FOR SUMMARY JUDGMENT**
CONGRESSMAN JAMES GIBBONS, *et. al.*,   )
                                                            )   [Dkt. #46]
                                   Defendants.               )
                                                            )

Presently before the Court is the Motion for Summary Judgment filed by Defendants

Robert Bannister, Karen Gedney, Marsha Johns, John Peery and Howard Skolnik. [Dkt. No.

46.]  Plaintiff filed no Opposition to the Motion.  Nevertheless, the Court has considered the

merits of the Motion and finds and concludes as follows:

**FINDINGS OF FACTS**

1.      Plaintiff is an inmate currently incarcerated with the Nevada Department of

Corrections.

2.      In this lawsuit, Plaintiff alleges various Nevada Department of Corrections ("NDOC")

officials were deliberately indifferent to his medical needs, in violation of the Eighth

Amendment, for failing to treat an ear infection.

3.      Pursuant to his Complaint, Plaintiff alleges the Defendants were deliberately indifferent

to his medical needs from September 21, 2008 to June 16, 2010.  [Dkt. #3.]

4.      Plaintiff's medical records indicate he received medical attention related to his

condition various times during the period pled in his Complaint, specifically on November 8,

2008; December 17, 2008; January 13, 2009; January 15, 2009; January 21, 2009; January

26, 2009; February 5, 2009; September 29, 2009; October 2, 2009; November 16, 2009;

December 4, 2009; December 27, 2009; January 5, 2010 and February 8, 2010.

5.      Pursuant to the medical records submitted with Defendants' Motion for Summary

Judgment, none of defendants Dr. Karen Gedney, Dr. Marsha Johns, John Peery, and Robert Bannister treated Plaintiff during the time period pled in his Complaint.  [Dkt. #46 at Exhibit A.]  It appears Defendant Bannister only denied Plaintiff's grievance.  (Doc. #46 at Exhibit E-2).

6.      Pursuant to the medical records submitted with Defendants' Motion for Summary Judgment, defendant Howard Skolnick did not appear in any of the Plaintiff's medical records or any grievances.  [Doc. #46 at Exhibits A and E.]

## CONCLUSIONS OF LAW

1.      A party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  In this case, Fed.R.Civ.P. 56 mandates dismissal because Plaintiff has failed to state claim upon which relief can be granted for the reasons set forth below.

2.      In order to be held liable under Section 1983, a person acting under color of law must have personally participated in the claimant's deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As defendants Gedney and Johns did not provide any medical treatment, deny any medical treatment, or even have any contact with Plaintiff during the time period alleged in his Complaint, summary judgment is appropriate as these defendants.

3.      Supervisory liability is not a recognized basis for relief in Section 1983 actions. *Mortimer v. Baca*, 594 F.3d 714, 721 (9th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  When a claimant alleges wrongdoing on the part of a supervisor, that supervisor cannot be held accountable under Section 1983 for the conduct of his or her subordinates under a respondeat superior theory; the claimant must instead prove that the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045.  As defendants Peery and Skolnik were not personally involved in any medical decisions regarding Plaintiff, summary judgment is appropriate as to these defendants.

4.      Prisoners do not have a particular liberty interest in a particular grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  As defendant Robert Bannister's only personal involvement with Plaintiff's claim is that he allegedly denied Plaintiff's grievances, summary judgment is appropriate as to that defendant.

Based on the foregoing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants' Motion for Summary Judgment is granted.

**DATED on this 27th day of January, 2014.**

_____

**UNITED STATES DISTRICT COURT JUDGE**